Milton K. SANDERS, Appellant,

v.

STATE of Minnesota, Respondent.

No. C4–00–1642.

Supreme Court of Minnesota.

June 28, 2001.

Milton K. Sanders, Stillwater, Appellant pro se.

Michael A. Hatch, MN Atty. Gen., St. Paul, Amy Klobuchar, Hennepin County Atty., Paul R. Scoggin, Asst. County Atty., Minneapolis, for Respondent.

## OPINION

PAUL H. ANDERSON, Justice.

On May 6, 1998, a Hennepin County jury found appellant Milton K. Sanders guilty of one count of first-degree murder and two counts of attempted first-degree murder. Sanders was sentenced to life imprisonment for the first-degree murder conviction and consecutive 180 month sentences for the two attempted first-degree murder convictions. Sanders appealed, and we affirmed his conviction. *State v. Sanders*, 598 N.W.2d 650 (Minn.1999). Sanders then filed a pro se petition for postconviction relief arguing denial of his Sixth Amendment Confrontation Clause rights, ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and abuse of the district court's discretion. The postconviction court considered the arguments Sanders raised in his briefs but denied relief without holding an evidentiary hearing, finding that some of the claims were procedurally barred because they should have been raised on direct appeal and that the other claims lacked merit. We affirm the postconviction court.

A detailed statement of the facts can be found in *Sanders*, 598 N.W.2d at 652–54;

therefore, we will set out only the facts relevant to this appeal. On October 5, 1997, Sanders shot and killed 16–year–old Maurice Wilson, and shot and wounded Laverne Roberts and Cordell Watts. The shootings occurred outside an apartment building in Minneapolis. Upon their arrival at the scene, the police found a 12–gauge shotgun wrapped in a black plastic garbage bag, a nine-millimeter semiautomatic handgun, and two hooded sweatshirts. All of these items were found in some bushes near the shooting scene. The police were able to identify Sanders' fingerprints on the garbage bag.

Sanders was arrested later that evening, and he was subsequently indicted for one count of first-degree murder and two counts of attempted first-degree murder. The state asserted that Sanders did the shooting because he was angry with Roberts and Watts for failing to protect Sanders' girlfriend during a fight and that Wilson, the homicide victim, was an innocent bystander. At a pretrial hearing, the district court determined that the testimony of defense witness Emily Mathis would not be allowed at trial because Mathis' testimony was inadmissible hearsay. At trial, Surella Jenkins testified that just before the shootings she saw Sanders leave his aunt's apartment carrying a shotgun that was covered by a black plastic garbage bag. Latresa Mitchell, who was also at Sanders' aunt's apartment, testified that when she asked Sanders where he was going, he replied, "we're going to go handle our business."

The jury found Sanders guilty as charged, and the district court sentenced him to life imprisonment for the first-degree murder conviction and consecutive 180 month sentences for the two attempted first-degree murder convictions. On direct appeal, Sanders argued that the court abused its discretion in denying his

request for a continuance, the jury had insufficient evidence to support the convictions, the state committed misconduct during closing arguments, and the court abused its discretion by imposing consecutive sentences for each of the three convictions. We affirmed the convictions and sentences.

Sanders petitioned for postconviction relief under Minn.Stat. § 590.01 (2000) arguing ineffective assistance of trial and appellate counsel, denial of the constitutional right to be present at pretrial hearings, prosecutorial misconduct, and abuse of the district court's discretion. Sanders requested an evidentiary hearing, but the postconviction court denied relief without a hearing. Sanders appealed the postconviction court's decision. He argues that he was entitled to an evidentiary hearing to determine whether (1) his absence from two pretrial hearings violated his constitutional rights, (2) his trial counsel's failure to present the testimony of two witnesses constituted ineffective assistance of trial counsel, (3) the state committed prosecutorial misconduct, and (4) his appellate counsel's failure to raise certain issues constituted ineffective assistance of appellate counsel.

## I.

■ A petitioner seeking postconviction relief has the burden of establishing by "a fair preponderance of the evidence" the facts alleged in the particular petition. Minn.Stat. § 590.04, subd. 3 (2000). We review "a postconviction proceeding only to determine whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion." *Hodgson v. State,* 540 N.W.2d 515, 517 (Minn.1995). When there is no basis on which a postconviction court could grant relief, the court is not required to conduct an evidentiary hearing before denying relief. *Roby v.*

*State,* 531 N.W.2d 482, 483 (Minn.1995). We examine each of Sanders' claims in light of this standard.

■ Sanders first argues that he was entitled to an evidentiary hearing to determine whether his "constitutional" right to be present at two pretrial hearings was abrogated. Sanders does not explain why an evidentiary hearing was warranted; he only argues that his absence from two pretrial hearings was "a substantial constitutional error." Sanders also argues that his right to be present under the "Sixth, Fifth, and Fourteenth Amendments" to the U.S. Constitution was violated because he did not—by his conduct—waive his right to be present under Minn. R.Crim. P. 26.03, subd. 1(2), and *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). When the postconviction court considered this claim, it determined that Sanders was not entitled to relief because his claim was procedurally barred as it was known but not raised in his direct appeal.

■ Once a direct appeal has been taken, we will not consider matters that were raised on direct appeal or claims known at that time but not raised. *Miller v. State,* 531 N.W.2d 491, 493 (Minn.1995); *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). The exceptions to this rule are (1) a claim that is so novel that the legal basis was not available on direct appeal, or (2) a claim that petitioner did not "deliberately and inexcusably" fail to raise on direct appeal. *Roby,* 531 N.W.2d at 484. The exceptions are limited to the extent that fairness requires consideration of such a claim. *Fox v. State,* 474 N.W.2d 821, 825 (Minn.1991).

Sanders failed to argue in his direct appeal that his constitutional right to be present at the pretrial hearing at issue was abrogated; thus, the postconviction court was not required to consider whether Sanders' absence violated his constitutional rights. *Knaffla,* 309 Minn. at 252, 243

N.W.2d at 741. The postconviction court nonetheless considered the claim on its merits and determined that Sanders waived his presence at one of the hearings he refers to in his argument. The record supports the court's determination. At the beginning of one of the pretrial hearings at issue, the district court noted that Sanders was not present at the hearing, and Sanders' trial counsel did not object. At the beginning of the other hearing at issue, the court noted that Sanders had waived his presence and his attorney did not object. We conclude that the legal basis of Sanders' right-to-be-present claim was known at the time he took his direct appeal, but he did not raise the claim at that time. Therefore, the claim is procedurally barred unless Sanders can show why fairness requires its consideration. He has made no such showing. We hold that the postconviction court did not abuse its discretion when it denied relief on this claim without holding an evidentiary hearing.

## II.

■ Sanders also argues that he was entitled to an evidentiary hearing on his ineffective assistance of trial counsel claim. He argues that his trial counsel was ineffective in failing to present the proposed testimony of Emily Mathis and Gwendlyn Cook. He asserts that Mathis would have testified that she saw four men returning from the shooting and that Sanders was not with them and that she overheard another man say that he—not Sanders—was involved in the shooting. He asserts that Cook would have testified that Sanders "was not at the crime scene, and trial counsel failed to properly investigate the case, lacked proper preparation [sic]." The postconviction court determined that the issue of the admissibility of Mathis' proposed testimony was known but not raised in Sanders' direct appeal and denied relief without holding an evidentiary hearing.

Mathis' proposed testimony was known before trial. Mathis intended to testify that she saw the men returning from the shooting and that Sanders was not with them, and that she overheard another man say that he—not Sanders—was involved in the shooting. The district court determined that Mathis' proposed testimony was inadmissible hearsay because it was uncorroborated. The court indicated that if the proposed testimony were corroborated, the court would reconsider its ruling. Sanders knew of the excluded testimony and this ineffective assistance of trial counsel claim at the time of his direct appeal and could have raised it at that time, but he did not. Sanders' claim is therefore procedurally barred unless he can show why fairness requires us to consider the claim. *Fox*, 474 N.W.2d at 825. However, Sanders has provided no reason why fairness requires us to take exception to our general rule barring postconviction review of claims known but not raised on direct appeal.

Similarly, Sanders did not raise in his direct appeal the issue of trial counsel's handling of Cook's proposed testimony. The postconviction court's order suggests that Sanders was aware of his counsel's handling of Cook's proposed testimony at the time of Sanders' direct appeal. However, just as Sanders fails to indicate why the fairness exception would apply to Mathis' proposed testimony, he fails to show why fairness requires us to consider Cook's proposed testimony, which argument was also known but not raised at the time of Sanders' direct appeal. Moreover, even if we were to consider the merits of Sanders' claims regarding Mathis' and Cook's proposed testimony, Sanders has failed to provide the type of evidence that would establish the merits of the claim or provide a basis from which the postconviction court could have granted relief. Therefore, we hold that the postconviction

court did not abuse its discretion when it denied relief on this claim without holding an evidentiary hearing.

## III.

■ Sanders next asserts that the state coerced Surella Jenkins and Latresa Mitchell into testifying falsely by threatening to take Jenkins' children away and because Mitchell had "illegal warrants * * * pending." Sanders argues that this alleged threat constituted prosecutorial misconduct, and he claims that if he were given an evidentiary hearing, new evidence would be presented to bolster his claims. The postconviction court held that Sanders' claim of prosecutorial misconduct related to Jenkins' and Mitchell's testimony had no factual support, and "bald assertions without factual support" did not justify an evidentiary hearing.

Sanders did not raise this claim in his direct appeal.[1] Nonetheless, the legal basis for this claim was known at the time of Sanders' direct appeal, and Sanders has not shown why fairness requires us to consider the claim now. *Fox,* 474 N.W.2d at 825. We conclude that Sanders' prosecutorial misconduct claim based on his assertion that the state coerced Jenkins and Mitchell to testify is procedurally barred because he failed to raise the claim on his direct appeal and has not shown why fairness requires its consideration. Accordingly, we hold that the postconviction court did not abuse its discretion in denying relief on this claim without holding an evidentiary hearing.

## IV.

■ Sanders next argues that he was entitled to an evidentiary hearing on his claim that appellate counsel was ineffective

in failing to argue ineffective assistance of trial counsel with respect to the admissibility of Mathis' and Cook's proposed testimony. The postconviction court determined that appellate counsel's decision not to raise this argument on direct appeal was a reasonable strategic decision and the court denied relief without holding an evidentiary hearing. This ineffective assistance of appellate counsel claim is predicated on Sanders' underlying claim against his trial counsel. Therefore, to succeed on this claim, Sanders must prove that trial counsel's representation "fell below an objective standard of reasonableness" and "trial counsel's errors actually had an adverse effect in that, but for the errors, the result of the proceeding would have been different." *Sullivan v. State,* 585 N.W.2d 782, 784 (Minn.1998) (internal citations removed).

If Sanders cannot establish an ineffective assistance of trial counsel claim, he cannot show that the outcome of his direct appeal would have been different and his ineffective assistance of appellate counsel claim based on Mathis' and Cook's proposed testimony automatically fails. We have already determined that Sanders cannot establish an ineffective assistance of trial counsel claim based on Mathis' and Cook's proposed testimony. Accordingly, we conclude that Sanders' ineffective assistance of appellate counsel claim based on the proposed testimony fails, and the postconviction court did not abuse its discretion in denying relief without holding an evidentiary hearing.

## V.

■ Sanders raises two additional ineffective assistance of appellate counsel claims that are not predicated on a claim

---

1. In his direct appeal, Sanders argued that the prosecutor's statements during closing arguments constituted prosecutorial misconduct, and this court declined to consider the argument because Sanders did not object at trial and because of the "substantial evidence against" Sanders. *Sanders,* 598 N.W.2d at 656.

against his trial counsel. To succeed on these ineffective assistance of appellate counsel claims, Sanders must show that his appellate counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result. *Dukes v. State*, 621 N.W.2d 246, 252 (Minn. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To show prejudice, Sanders must demonstrate that there is a reasonable probability that absent his appellate counsel's error, the outcome of his direct appeal would have been different. *Id.*

■ Sanders first argues that his appellate counsel was ineffective in failing to raise Sanders' right-to-be-present at pretrial hearings. We conclude that this claim lacks merit. The trial transcript indicates that Sanders, through his counsel, waived his right to be present at the two pretrial hearings at issue. Further, even if we were to determine that Sanders was inappropriately absent from a pretrial hearing concerning the admissibility of evidence, Sanders has not shown prejudice because he has failed to demonstrate a reasonable probability that the outcome of his direct appeal would have been different if his appellate counsel had raised that issue. *Id.* Therefore, we conclude Sanders has not established an ineffective assistance of appellate counsel claim based on his counsel's failure to raise this issue.

■ Sanders next argues in his response brief that his appellate counsel failed to raise a prosecutorial misconduct claim on Sanders' direct appeal. He asserts that his counsel's failure to argue on appeal that the prosecutor's handling of the Jenkins and Mitchell testimony was misconduct constituted ineffective assistance of counsel. Again, we disagree. No evidence was submitted to support his assertions of prosecutorial misconduct, and without factual support for the prosecuto-

rial misconduct claims, Sanders did not show prejudice. As a result, we conclude Sanders has not established an ineffective assistance of appellate counsel claim based on his appellate counsel's failure to raise this issue. Accordingly, we hold that the postconviction court did not abuse its discretion in denying relief on these two ineffective assistance of appellate counsel claims without holding an evidentiary hearing.

## VI.

■ Sanders argues indirectly that he is entitled to an evidentiary hearing on additional claims he raised in his petition for postconviction relief, although he did not specifically refer to these claims in his postconviction appellate briefs. In his petition, Sanders argued that he received ineffective assistance of trial counsel because his counsel had only 19 days to prepare for trial, counsel had an ear infection, and counsel was not prepared to test the prosecution's case. Sanders raised the same set of facts in support of a denial of a fair trial claim in his direct appeal, but he did not raise this specific claim in the context of these facts. *Sanders*, 598 N.W.2d at 654–55. Because this claim was known but not raised on direct appeal, it is procedurally barred, and Sanders has not shown why fairness now requires its consideration. *Roby*, 531 N.W.2d at 484.

■ Sanders next argues that the district court abused its discretion in hearing testimony in the absence of the jury. Specifically, he objects to the fact that the court dismissed the jury for part of a witness' testimony in order to determine the scope of the witness' admissible testimony. Again, the legal basis for this claim was known at the time Sanders took his direct appeal, but he failed to raise the claim at that time, and he has provided no reason why fairness now requires its consideration. *Id.* Therefore, this claim is also procedurally barred.

Finally, Sanders asserts in his petition for postconviction relief that he received ineffective assistance of appellate counsel because his counsel failed to argue on direct appeal that the district court abused its discretion in refusing to grant a continuance. Sanders' counsel raised this underlying abuse-of-discretion argument in Sanders' direct appeal, and we determined that the district court did not abuse its discretion when it refused to grant a continuance. *Sanders*, 598 N.W.2d at 654–55. Therefore, this claim fails because Sanders cannot show prejudice. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052. Accordingly, we hold that the postconviction court did not abuse its discretion in denying postconviction relief on these claims without holding an evidentiary hearing.

Affirmed.