Jason Michael IVES, Petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. C7–02–1316.

Supreme Court of Minnesota.

Jan. 23, 2003.

Jason M. Ives, Pro se Appellant, MCF–OPH, Stillwater, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, MN, for respondent.

## OPINION

MEYER, Justice.

Jason Michael Ives appeals from a summary denial of his petition for postconviction relief. The postconviction court denied Ives relief on the basis that his claims, while technically different from those submitted during his direct appeal, did not constitute a claim upon which relief could be granted. We affirm.

We briefly summarize the case to provide context for the issues raised in this appeal. (The facts are more fully detailed in Ives' direct appeal to this court, *State v. Ives,* 568 N.W.2d 710 (Minn.1997)). Ives was convicted for the November 1995 shooting death of James Magnus, Jr., a night clerk at an Amoco station. *Ives,* 568 N.W.2d at 712. The only evidence recovered from the scene was several latent fingerprints found on the entrance and exit doors to the station. *Id.* An anonymous tip led the authorities to several witnesses who said that Ives had admitted his involvement in the shooting. *Id.* According to these witnesses, Ives and Brian Crooks went into the Amoco store and attempted to rob Magnus. *Id.* Fearing that Magnus had given a code to alert the police, Ives cocked his gun and released the hammer, allegedly forgetting that there was a bullet in the next chamber. *Id.*

At trial, the state argued that Ives shot Magnus after Crooks fled the scene. *Id.* The state presented several witnesses who testified either that Ives had told them directly about his involvement in the incident or they had overhead him speaking about his involvement. *Id.* In Ives' defense, his attorney argued that it was a different man, Aaron Hanson, who committed the robbery, or in the alternative that the shooting was an accident. The jury convicted Ives of two counts of murder in the first degree (premeditated murder and intentional murder in the commission of a felony) and two counts of murder in the second degree (intentional murder and felony murder in the commission of an aggravated robbery). *Id.* at 712–13. Ives was sentenced to life in prison. *Id.* at 713.

On direct appeal, Ives challenged his conviction on two grounds: prosecutorial misconduct and ineffective assistance of counsel. *Id.* at 712. Specifically, he argued that during the prosecutor's final ar-

gument she improperly: (1) interjected her opinion on the credibility of evidence; (2) appealed to the passions of the jury; (3) disparaged Ives' defense by leading the jury to believe that a defendant cannot assert alternative defense theories; (4) attacked Ives' character; and (5) made an indirect reference to Ives' pre-arrest silence in violation of his Fifth Amendment rights. *Id.* at 713. Ives also argued that he was denied effective assistance of counsel because his attorney did not adequately prepare for trial, failed to call witnesses who would have raised credibility questions about the state's witnesses, and failed to object to the prosecutor's comments regarding Ives' character. *Id.* at 714. We held that although the prosecutor's remarks regarding Ives' character were improper, this misconduct was not so prejudicial that it denied Ives a fair trial. *Id.* at 715. We also concluded that Ives' claims of ineffective assistance of counsel failed because most of his claims were based on criticism of trial counsel tactics, which we will not review, and he had not established that the outcome of the trial would have been different had the alleged errors not occurred. *Id.*

On April 12, 2002, Ives filed a petition *for postconviction relief in which he alleged ineffective assistance of both trial and appellate counsel. Ives argued that he was denied effective assistance of trial counsel because his counsel failed to properly investigate several defense theories that could have been raised at trial. Ives also claimed that his appellate counsel failed to tell him that his trial counsel had offered to take the blame for not objecting

to the prosecutor's comments during closing argument.[1] Ives asserted that this prejudiced his claim of ineffective assistance of counsel on direct appeal. The postconviction court reviewed Ives' claims and summarily denied his petition for postconviction relief because it found the claims asserted were not new and there was no evidence that Ives had been denied effective assistance of counsel.

The sole issue before this court is whether the postconviction court abused its discretion in summarily denying Ives' petition for postconviction relief. On appeal from a summary denial of postconviction relief, we examine whether sufficient evidence exists to support the postconviction court's findings and will reverse those findings only upon proof that the postconviction court abused its discretion. *Roby v. State,* 547 N.W.2d 354, 356 (Minn.1996).

Under Minn.Stat. § 590.04, the district court is required to grant a hearing for any postconviction petition filed unless the issues raised in the petition conclusively show that the petitioner is not entitled to relief. Minn.Stat. § 590.04, subd. 1 (2002). When a direct appeal has been taken and litigated before this court, all matters raised during the appeal and all claims known by the defendant, but not raised, are barred and will not be considered upon a subsequent postconviction petition for relief. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (Minn. 1976); *see also* Minn.Stat. § 590.04, subd. 3 (2002) (stating that a postconviction petition may be summarily dismissed when it raises issues that have been previously

---

1. In his brief Ives included copies of two letters he received. The first letter is from Ives' trial counsel and states that he was willing to testify at a postconviction hearing that were he to try the case again, he "would be more vigorous in controlling the prosecutor[']s unprofessional conduct." The second

letter is from Ives' appellate counsel, stating that he could not remember why he did not provide trial counsel's letter to Ives at the time of the direct appeal, but that it was likely because this information was not "new" and would not have assisted Ives' claim of ineffective assistance of counsel.

decided in the same case by an appellate court). In general, *Knaffla* bars claims of ineffective assistance of counsel when such claims are known at the time of appeal, except where the claim requires additional fact-finding by the court. *See Dukes v. State*, 621 N.W.2d 246, 255 (Minn.2001) (noting additional fact-finding is required when the claim requires evidence of attorney-client communications). Additionally, this court has granted postconviction relief when the issue raised is "so novel that it can be said that its legal basis was not reasonably available at the time the direct appeal was taken and decided" or where the interests of justice require relief. *Fox v. State*, 474 N.W.2d 821, 824 (Minn.1991); *Boitnott v. State*, 631 N.W.2d 362, 370 (Minn.2001).

■ Ives argues that he was denied a fair trial by ineffective assistance of trial counsel because his counsel failed to conduct a thorough investigation of the facts surrounding the charge, failed to obtain an independent investigation of the forensic and ballistic evidence, failed to investigate Ives' mental and emotional status, and failed to investigate the extent of Ives' gross intoxication. The state maintains that these claims are procedurally barred because they are similar to issues raised during Ives' direct appeal, or are issues that could have been raised on direct appeal but were not and therefore are barred by our ruling in *Knaffla*.

We agree. Although none of these precise claims were directly raised during Ives' direct appeal, his claims are still procedurally barred. Each of the claims relies on evidence that Ives had in his possession during his direct appeal and therefore are barred by *Knaffla*; Ives knew or should have known the claims existed at the time of his direct appeal because his current claims against his trial counsel are based on similar grounds to those he asserted during his direct appeal. Unlike *Dukes*, these claims do not require additional fact-finding by the court because all the evidence needed to evaluate his claims was present in the record before this court on direct appeal. Further, the exception to *Knaffla* enunciated in *Fox* does not apply because none of these issues are so novel that it can be said their legal basis was not reasonably available the last time we examined this case. Finally, the interests of justice do not establish the basis for relief because, as we have noted many times before, matters of trial strategy, including which witnesses to call, what defenses to raise at trial, and specifically how to proceed at trial, will not be reviewed later by an appellate court as long as the trial strategy was reasonable. *See, e.g., Boitnott*, 631 N.W.2d at 370–71 (failure to investigate, prepare for trial, and raise timely objections); *State v. Voorhees*, 596 N.W.2d 241, 255 (Minn.1999) (defenses raised at trial); *State v. Rainer*, 502 N.W.2d 784, 788 (Minn.1993) (which witnesses are called and what information is presented to the jury).

In his discussion of each claim, Ives asserts that his trial counsel's failure to obtain experts to investigate the evidence, or to substantiate a defense of gross intoxication or mental illness, constituted ineffective assistance of counsel. Because each of Ives' claims involves a complaint against his counsel's trial tactics, and since there is no evidence on the record to show that Ives' counsel's actions were not reasonable, these claims are not reviewable by this court. Because Ives' claims are procedurally barred, we hold that the postconviction court did not abuse its discretion and affirm the postconviction court's summary denial of Ives' claim of ineffective assistance of trial counsel.

We now address Ives' claim of ineffective assistance of appellate counsel. To establish ineffective assistance of appellate counsel, an appellant must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result. *Sanders v. State,* 628 N.W.2d 597, 603 (Minn.2001). To establish prejudice, a defendant "must demonstrate that there is a reasonable probability that absent his appellate counsel's error, the outcome of his direct appeal would have been different." *Id.*

Ives argues that he was denied effective assistance of appellate counsel because appellate counsel failed to raise and preserve issues in his direct appeal and withheld information from Ives at the time of his appeal. Specifically, Ives states that his trial counsel told his appellate counsel that he, the trial counsel, was at fault for failing to object and control the prosecutor during her closing arguments, but that his appellate counsel never told Ives this information. Ives provides copies of two letters he received, one from his trial counsel offering to testify regarding his conduct, and one from his appellate counsel discussing why this offer was never shared with Ives. Ives argues that his appellate counsel's lack of communication prejudiced him during the direct appeal process because almost all of his claims regarding prosecutorial misconduct were dismissed by this court because defense counsel did not object at trial to the prosecutor's comments.

However, during his direct appeal, Ives stated that he was denied effective assistance of trial counsel because his counsel failed to object to the prosecutor's inappropriate statements during her closing argument. We reviewed Ives' claim and the entire record to determine whether Ives' trial counsel's failure to object was prejudicial to the outcome of the trial. We con-

cluded that Ives' trial counsel's failure to object did not deprive Ives of a fair trial because "[g]iven the weight of the evidence against [him], it [was] doubtful that an objection by his attorney would have changed the outcome of the trial." *Ives,* 568 N.W.2d at 715. Therefore, while Ives' appellate counsel may have had a responsibility to tell Ives that his trial counsel had offered to take the blame for not objecting, Ives has failed to show how this failure would have changed the outcome of the direct appeal. We conclude that the post-conviction court did not abuse its discretion when it summarily denied Ives' claim of ineffective assistance of appellate counsel.

Affirmed.