Carlos Ondre SESSIONS, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. CX–02–1813.

Supreme Court of Minnesota.

Aug. 7, 2003.

Carlos Ondre Sessions, Stillwater, Pro Se.

Mike Hatch, Attorney General, St. Paul, Amy Klobuchar, Hennepin County Attorney, Minneapolis, for Respondent.

## OPINION

MEYER, Justice.

A jury convicted appellant Carlos Ondre Sessions of first-degree murder and he was sentenced to life in prison. Sessions appeals from the postconviction court's summary denial of his petition for postconviction relief. Sessions argues that the postconviction court abused its discretion by refusing him a hearing and denying his petition. We affirm the postconviction court.

Lillian Enrooth was killed on December 11, 1998. *State v. Sessions*, 621 N.W.2d 751, 753 (Minn.2001). A Hennepin County jury convicted Carlos Sessions of her mur-

der. *Id.* at 754. The most critical evidence was DNA evidence of the victim's blood found on Sessions' shoes and in the car he was driving, and bloody shoeprints found at the victim's home that matched the prints of Sessions' shoes. *See id.* In addition, Sessions had enlisted acquaintances to help him cash checks on Enrooth's account on the day of her death. *Id.* at 753–54. Sessions was given the mandatory sentence of life in prison. *Id.* at 753.

On direct appeal, we affirmed Sessions' conviction. *Id.* at 752–53. We addressed three issues. First, we held that the trial court committed harmless error when it responded to a question from the jury outside Sessions' presence. Second, we held that Sessions was precluded from appealing the trial court's failure to instruct on a lesser-included offense. And third, we concluded that the evidence supported the conviction. *Id.* at 755–57.

Sessions petitioned the district court for postconviction relief on April 29, 2002. He made four claims in his pro se petition. Sessions asserted that: (1) the prosecutor failed to disclose all the evidence that had been gathered; (2) his trial counsel was ineffective because counsel did not investigate potential alibis, breached his contract with Sessions by failing to follow through on an agreed-upon plan of representation, and failed to object to jury instructions regarding Sessions being at or near the scene of the crime; (3) the cumulative effects of these errors combined to deny him a fair trial; and (4) he received ineffective assistance of appellate counsel. He claimed his appellate counsel did not properly investigate his case by not following up on the alibi witnesses he suggested. Sessions also claimed that appellate counsel breached her contract with him by not bringing our attention to his two pro se issues in oral argument during the direct appeal.

The postconviction court denied Sessions' petition without a hearing. The court's memorandum reasoned that three of Sessions' claims were known at the time of the direct appeal, and therefore were barred by *Townsend v. State,* 582 N.W.2d 225, 227–28 (Minn.1998), which relies on our seminal ruling in *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976). The only remaining claim not barred by the *Knaffla* rule concerned the efforts of his appellate counsel. The postconviction court found "[d]efendant's appellate counsel's decision not to argue issues raised in his [supplemental pro se] brief does not rise to the level of ineffective assistance of counsel."

 The postconviction court must grant a hearing on a postconviction petition, unless the petition and the record "conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2002); *Ives v. State,* 655 N.W.2d 633, 635 (Minn.2003). After a postconviction court summarily denies postconviction relief, we review the evidence to determine whether the postconviction court abused its discretion. *Ives,* 655 N.W.2d at 635. Only upon proof that the postconviction court abused its discretion will we reverse the findings. *Id.*

 We will address the following issues in turn: whether the postconviction court abused its discretion by applying *Knaffla* to bar Sessions' claims about his trial without holding a hearing, and whether the postconviction court abused its discretion by denying his claim of ineffective assistance of appellate counsel without holding a hearing.

We held in *Knaffla* that any issues that were raised on direct appeal, or known by the defendant and not raised on direct appeal, will not be considered in a postconviction appeal. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). We

have identified three exceptions to the *Knaffla* rule: if additional fact-finding is required to fairly address a claim of ineffective assistance of counsel, if a novel legal issue is presented, or if the interests of justice require relief. *Ives,* 655 N.W.2d at 635–36. The third exception may be applied if fairness requires and the petitioner did not " 'deliberately and inexcusably' fail to raise the issue on direct appeal." *Boitnott v. State,* 640 N.W.2d 626, 630 (Minn.2002) (quoting *Russell v. State,* 562 N.W.2d 670, 672 (Minn.1997)).

The postconviction court ruled that three of the four issues Sessions raised in his petition were barred by the *Knaffla* rule: ineffective assistance of trial counsel, the prosecutor's violation of discovery rules, and his claim that he was denied a fair trial. Sessions implicitly acknowledges that these three issues indeed were known and not raised during his direct appeal. However, Sessions attempts to invoke the "interests of justice" exception. He argues that his failure to raise these issues was not "deliberate and inexcusable" and that *but for* his attorney's advice, he would have raised those issues in his direct appeal.

None of Sessions' three claims about his trial fit into the "interests of justice" exception to *Knaffla.* Sessions' claim of ineffective assistance of trial counsel is not the type granted under the "interests of justice" exception. *See Ives,* 655 N.W.2d at 636 (holding that Ives' claim of ineffective assistance of trial counsel did not fit within the interests of justice exception). Sessions' claim about the prosecution withholding potentially exculpatory evidence also does not fit into an exception to *Knaffla.* Claims of a prosecutor's failure to disclose exculpatory evidence have been barred under *Knaffla,* in part because they were known at the time of the direct appeal. *See Ferguson v. State,* 645 N.W.2d

437, 448 (Minn.2002). Here, Sessions knew or should have known about the discovery violations at the time of his direct appeal. In addition, Sessions offers nothing to support his assertions that the excluded documents were exculpatory, and we have held that allegations must be more than bald assertions or unsupported statements. *See Beltowski v. State,* 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971). As Sessions' two individual claims are barred by *Knaffla,* we also will not consider his third claim that cumulatively his trial counsel and the discovery violations denied him a fair trial.

■ Sessions also argues that under Minn.Stat. § 590.04, subd. 1, he deserved a hearing on his claims about his trial. That statute requires that "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief, the court shall promptly set an early hearing on the petition and response thereto." *Id.* A petitioner must allege facts that "if proven by a fair preponderance of the evidence, entitle him to relief." *State v. Rhodes,* 627 N.W.2d 74, 86 (Minn.2001) (quoting *Roby v. State,* 531 N.W.2d 482, 483 (Minn.1995)). However, the three issues Sessions raised in connection with his trial were barred by *Knaffla* and did not clearly fit within any of the exceptions to *Knaffla.* Thus, the postconviction court did not abuse its discretion in denying Sessions a hearing on those claims.

Sessions next argues that the postconviction court abused its discretion by dismissing his claim of ineffective assistance of appellate counsel. In particular, he is aggrieved that the court did not separately address the two ways in which he claimed his representation was deficient (breach of contract and failure to investigate).

■ In order to prevail on a claim of ineffective assistance of appellate counsel, the petitioner must show that his or her attorney's performance "fell below an objective standard of reasonableness and that he [or she] was prejudiced as a result." *Ives,* 655 N.W.2d at 637. The petitioner's burden of proof with respect to prejudice is to establish a "reasonable probability" that but for appellate counsel's error, the direct appeal would have had a different outcome. *Id.*

■ Sessions' primary complaint about his appellate lawyer is that on direct appeal she did not argue his pro se issues during oral argument. Cast in the most favorable light, Sessions is arguing that his attorney promised she would raise his pro se issues before this court, and breaking that promise constitutes a denial of his constitutional right to counsel.[1] There may be occasions when an attorney has promised something so fundamental to a defendant's right to a fair trial that his or her failure to keep that promise will support an ineffective assistance of appellate counsel claim. However, in this case, Sessions cannot meet both prongs of the test for ineffective assistance of counsel. As either prong is determinative, we choose to focus only on the second prong, whether

---

1. In fact, Sessions' claim with respect to his appellate counsel's failure to argue his pro se issues is framed more like a civil breach of contract claim than a constitutional right to counsel claim. Interpreted as a breach of contract claim, the postconviction court was not required to address Sessions' claims regarding his appellate counsel's breach of contract. Minnesota Statutes § 590.01, subd. 1 (2002) establishes two grounds upon which petitioners may request postconviction relief: (1) their conviction or sentence violated their constitutional rights or a state or federal statute, and (2) there is new scientific evidence that establishes their innocence. Breach of contract is a civil claim that does not fit into either of those categories.

Sessions could demonstrate a reasonable probability that the outcome of his direct appeal would have been different if his appellate counsel had raised his pro se issues in oral argument.

We conclude that Sessions did not demonstrate that he was prejudiced by his appellate counsel's failure to argue his pro se issues upon direct appeal because Sessions did not show that, but for his appellate counsel's performance, the outcome would have been different. We addressed the more substantive of Sessions' pro se claims in our opinion—his claim that the evidence produced in his trial was insufficient to support his conviction—and found the evidence sufficient. *Sessions,* 621 N.W.2d at 757. Another of Sessions' pro se claims was that the judge erred in giving a general instruction to the jury on weighing witness credibility. While we did not specifically address this pro se issue, we did conclude that the evidence was sufficient to convict on the charge of first-degree murder. *Id.* Even if the jury instruction was error, it was harmless error, and counsel's failure to argue the issue on appeal would not have changed the outcome of the appeal.

■ Sessions' second complaint about his appellate counsel is that she failed to sufficiently investigate his case because she did not look beyond the trial transcripts in determining whether his trial counsel was ineffective. Sessions implicitly posits that if his appellate counsel had interviewed more of his friends, she would have concluded that their testimony presented a credible alibi for him, and therefore his trial counsel was ineffective for not raising that alibi. We have previously held that a petitioner cannot evade the *Knaffla* rule simply by repackaging his or her ineffective assistance of trial counsel claim as an ineffective assistance of appellate counsel claim. *Sutherlin v. State,* 574

N.W.2d 428, 435 (Minn.1998). In *Sutherlin,* a petitioner raised an ineffective assistance of appellate counsel claim, based largely on the assertion that the appellate attorney should have raised a claim of ineffective assistance of trial counsel. We reasoned that the petitioner "is in effect simply recharacterizing an issue that he should have raised on direct appeal." *Id.* In this case, we conclude that Sessions' claim that his appellate counsel failed to fully investigate his case fails because the substance of the claim concerns his trial counsel and should have been raised on direct appeal. In addition, Sessions has made no showing that " 'there is a reasonable probability that absent his appellate counsel's error, the outcome of his direct appeal would have been different.' " *Ives,* 655 N.W.2d at 637 (quoting *Sanders v. State,* 628 N.W.2d 597, 603 (Minn.2001)).

■ Sessions maintains he deserved an evidentiary hearing on his claims of ineffective assistance of appellate counsel. But, his allegations do not meet the statutory standard. Sessions' argument about ineffective assistance of appellate counsel conclusively showed he was not entitled to relief. He was not prejudiced by either his appellate counsel's failure to raise his pro se issues at oral argument, since they were addressed in his supplemental brief, or his appellate counsel's alleged failure to investigate his case, because he made no showing that the outcome of his direct appeal would have been different. Therefore, we hold that it was not an abuse of discretion for the postconviction court to deny Sessions' petition without a hearing.

Affirmed.