*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1682**

State of Minnesota,
Respondent,

vs.

Ronald Casa Roby,
Appellant.

**Filed October 3, 2016
Affirmed
Kirk, Judge**

Ramsey County District Court
File No. 62-CR-15-628

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota; and

Jonathan P. Schmidt, Tara Reese Duginske, Special Assistant Public Defenders, Briggs and Morgan, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Schellhas, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

Challenging his conviction of second-degree assault, appellant argues that he is entitled to a new trial because: (1) the jury rendered inconsistent verdicts when it also acquitted him of third-degree assault; (2) he received ineffective assistance of counsel; and (3) the district court abused its discretion in denying his request for a downward departure sentence. We affirm.

## DECISION

### I. The jury did not impermissibly compromise when reaching its verdicts.

Whether a jury's verdicts are legally inconsistent is a question of law, which we review de novo. *State v. Laine*, 715 N.W.2d 425, 434-35 (Minn. 2006). Consistent verdicts are not constitutionally required. *State v. Leake*, 699 N.W.2d 312, 325 (Minn. 2005). Generally, a defendant is not entitled to a new trial when a jury finds the defendant guilty of one count in a two-count indictment "even if the guilty and not guilty verdicts may be said to be logically inconsistent." *State v. Juelfs*, 270 N.W.2d 873, 874 (Minn. 1978). We recognize the jury's power to exercise lenity in a criminal case by returning a not-guilty verdict "despite the law and the facts." *State v. Perkins*, 353 N.W.2d 557, 561 (Minn. 1984). In this type of case, we focus on whether the record contains sufficient evidence to support the guilty verdict. *Nelson v. State*, 407 N.W.2d 729, 731 (Minn. App. 1987), *review denied* (Minn. Aug. 12, 1987).

After a jury trial, appellant Ronald Casa Roby was found guilty of second-degree assault with a dangerous weapon and not guilty of third-degree assault. He argues that the

jury impermissibly compromised in reaching its verdicts, pointing to the fact that on the first day of deliberations, the foreperson informed the district court that the jury was at an impasse, but the following day it returned a split verdict. He relies on *DeSacia v. State*, a case from the Alaska Supreme Court, where the jurors informed the district court that they felt no progress had been made towards a verdict, but continued to deliberate into the early hours of the morning because no hotel accommodations were available. 469 P.2d 369, 377 (Alaska 1970). The jury then delivered irreconcilably inconsistent verdicts the following morning. *Id.* at 377-78.

*DeSacia* is not only foreign law that is not recognized by this court, but it is also easily distinguishable on its facts. Here, there is no evidence that the jurors were under so much duress that they compromised on the verdicts as in *DeSacia.* Here, the district court sent the jurors home after deliberating only two hours on the first day, and the jury reached its verdicts the following day. Additionally, appellant does not challenge the sufficiency of the evidence to support the jury's guilty verdict of second-degree assault. *See Nelson*, 407 N.W.2d at 731.

## II.     Appellant did not receive ineffective assistance of counsel.

Ineffective-assistance-of-counsel claims involve a mixed question of law and fact, which we review de novo. *Hawes v. State*, 826 N.W.2d 775, 782 (Minn. 2013). We review ineffective-assistance-of-counsel claims under the two-prong analysis from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under the first prong, appellant must show that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-89, 104 S. Ct. 2064-65. The second prong requires

that a reasonable probability exists that, but for counsel's errors, the outcome would have been different.  *Id.* at 695, 104 S. Ct. at 2068-69; *see also Leake v. State*, 767 N.W.2d 5, 10 (Minn. 2009).  We also presume that, in its execution of trial strategy, trial counsel "exercised reasonable professional judgment" in its representation of appellant.  *Dukes v. State*, 660 N.W.2d 804, 810-11 (Minn. 2003).

At trial, the victim, M.M., testified about a previous domestic-assault incident in May 2014 when appellant, her cousin, physically assaulted her.  Appellant argues that his counsel's failure to object to admission of information about the May 2014 domestic-abuse incident fell below the objective standard of reasonableness for an attorney because there is no evidence in the record that he and M.M. have a qualifying relationship under the Domestic Abuse Act to satisfy the elements of domestic assault.  *See* Minn. Stat. §§ 518B.01-.02 (2014).  Appellant asserts that he was unduly prejudiced by his attorney's error and that he is entitled to a new trial.

Contrary to appellant's assertion, there is direct evidence in the record supporting the fact that appellant and M.M. are cousins.  Minn. Stat. § 634.20 (2014) allows the admission of evidence of other "domestic conduct" by the defendant against the same victim or "against other family or household members" in criminal cases involving domestic violence unless the probative value is substantially outweighed by the danger of unfair prejudice.  "Domestic conduct" includes, but is not limited to, evidence of domestic abuse.  *Id.*  Likewise, "domestic abuse" and "family or household members" are defined under Minn. Stat. § 518B.01, subd. 2(b)(3), as "persons related by blood."  A cousin is

4

defined as "a relative by blood or marriage." *The American Heritage Dictionary* 420 (5th ed. 2011).

Here, the record shows that on five occasions, M.M. testified that appellant was her "cousin" or "blood cousin." "[A] witness's testimony is direct evidence when it is based on the witness's own knowledge of the facts." *State v. Hokanson*, 821 N.W.2d 340, 353 n.1 (Minn. 2012) (quotation omitted). Thus, M.M.'s testimony that appellant is her cousin is direct evidence of a qualifying relationship under the Domestic Abuse Act. Appellant's counsel's failure to object to M.M.'s testimony that she and appellant were cousins is a clear instance of trial strategy, which we decline to review in this case. *See White v. State*, 711 N.W.2d 106, 110 (Minn. 2006). "We will generally not review an ineffective-assistance-of-counsel claim that is based on trial strategy." *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013).

Any prejudice appellant suffered from the district court's admission of this evidence was minimized by the fact that the district court gave cautionary instructions to the jury regarding the limited purpose of the May 2014 domestic-abuse evidence during the trial and final instructions. The trial transcript indicates that the state did not dwell on the May 2014 incident.

In the alternative, appellant requests that we stay his direct appeal and remand to the postconviction court for an evidentiary hearing on whether appellant's counsel was deficient. He alleges that his counsel's defense fell below the objective standard of reasonableness because she failed to investigate the underlying facts of the charged offense. After filing notice of appeal, Minn. R. Crim. P. 28.02, subd. 4(4), allows a defendant to file

a motion to stay the appeal in order to petition for postconviction relief. Appellant did not avail himself of the rule and we find no reason to stay his direct appeal. When a claim of ineffective assistance of trial counsel can be decided on the basis of the district court record, it must be brought on direct appeal and is procedurally barred when raised in a postconviction petition. *Torres v. State*, 688 N.W.2d 569, 572 (Minn. 2004). Because the district court record shows no evidence of unreasonable representation by counsel, there is no need for an additional hearing to develop the evidence in a postconviction proceeding. Appellant's choice not to testify falls squarely within the ambit of trial strategy. "[M]atters of trial strategy, including which witnesses to call, what defenses to raise at trial, and specifically how to proceed at trial, will not be reviewed later by an appellate court as long as the trial strategy was reasonable." *Ives v. State*, 655 N.W.2d 633, 636 (Minn. 2003).

**III. The district court did not abuse its discretion in denying appellant's request for a downward departure sentence.**

The district court has broad discretion in determining whether to depart from the sentencing guidelines. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). A district court may depart when substantial and compelling circumstances are present. *Id.*

As a reviewing court, we may not interfere with the district court's exercise of discretion in sentencing, as long as the record shows that the district court carefully evaluated all of the information and testimony before making its determination. *State v. Van Ruler*, 378 N.W.2d 77, 80-81 (Minn. App. 1985). Here, the record supports the district court's execution of a presumptive-guideline sentence of 21 months in prison, with credit for 175 days.

6

Finally, in his pro se supplementary brief, appellant argues that he received ineffective assistance of counsel because his attorney: (1) failed to present 911 tapes, video surveillance tapes from appellant's apartment, and appellant's phone records to the jury, and (2) failed to understand alleged inconsistencies in the victim's testimony. As noted earlier in this opinion, these claims relate to trial strategy, and appellant's counsel's representation was reasonable. *Ives*, 655 N.W.2d at 636.

**Affirmed.**