Steven Joel SEVERSON, f/k/a Steven Joel Camacho, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. CX–01–1302.

Supreme Court of Minnesota.

Dec. 20, 2001.

Steven Joel Severson, Stillwater, Appellant pro se.

Michael A. Hatch, Attorney General, St. Paul, Amy Klobuchar, Hennepin County Attorney, By: Jean E. Burdorf, Assistant County Attorney, Minneapolis, for Respondent.

## OPINION

BLATZ, Chief Justice.

On November 16, 1995, a Hennepin County jury found appellant Steven Joel Severson, who was then known as Steven Joel Camacho, guilty of first-degree murder. Severson appealed to this court, arguing that the trial court erred by admitting two inculpatory statements and by permitting him to discharge his attorney and appear pro se. *State v. Camacho,* 561 N.W.2d 160, 168 (Minn.1997). We affirmed his conviction. *Id.* In April 2001, Severson filed a pro se petition for postconviction relief under Minn.Stat. § 590.01 (2000), arguing, among other things, that the state engaged in prosecutorial misconduct during its closing argument. The postconviction court denied relief without holding an evidentiary hearing, finding that the claims were procedurally barred because they were raised or could have been raised on direct appeal. Severson now appeals to this court under Minn.Stat. § 590.06 (2000), claiming that he was improperly denied an evidentiary hearing and that statements made by the prosecutor during closing arguments constitute reversible error. We affirm.

When reviewing a postconviction decision, this court's role is limited to determining whether there is sufficient evidence to sustain the findings of the postconviction court. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). A postconviction court's decision will not be disturbed absent an abuse of discretion. *Id.* at 250, 243 N.W.2d at 740.

On appeal from the postconviction order, Severson argues that the state "misstated the law to the jury" during its closing arguments by saying, "[t]he [lesser-included] charges are further opportunities of the defendant to escape responsibilities. Murder in the second degree should not be a consideration." This statement is actually a synthesis of two separate statements made in the state's closing argument. The first statement was made after the state summarized its case regarding premeditation and inconsistencies in Severson's testimony: "These [lesser-included offenses] are opportunities—further opportunities of the defendant to escape responsibility for his actions, to mitigate responsibility for what he did that night, and I'm going to talk * * * about these lesser offenses." The second statement, which is found three pages later in the trial transcript, dealt with the weight of the evidence supporting the first-degree murder charge:

Before you can consider murder in the second degree, you're going to have to wipe away all of that evidence. You're going to have to say it's not true, it didn't happen. It's not there. And, that ain't justice, folks.

Murder in the second degree should not be a consideration. You should not mitigate his responsibility, but call it like it is. Tell the truth.

Each statement, when examined in its proper context, appears to address the jury's responsibility as trier of fact and the overwhelming weight of the evidence indicating Severson's guilt. Nonetheless, we do not need to determine whether the state engaged in prosecutorial misconduct if Severson failed to raise the issue in his direct appeal and is barred from raising it in his petition for postconviction relief.

Where a direct appeal has already been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741; *Dukes v. State*, 621 N.W.2d 246, 251 (Minn.2001). Severson was present when the state made its closing arguments, and any prosecutorial misconduct would have been apparent from the transcript. Therefore, the claim of prosecutorial misconduct was clearly known at the time of Severson's direct appeal. Nonetheless, Severson—who was represented by counsel on appeal—failed to raise the issue in his direct appeal. *See Camacho*, 561 N.W.2d at 168.

Severson's claim, moreover, does not fall into one of the exceptions to this rule. This court has held that an issue is not barred from a petition for postconviction relief if either the claim is so novel that the legal basis was not available on direct appeal, or the petitioner did not "deliberately and inexcusably" fail to raise the issue on direct appeal and fairness requires its consideration. *Dukes*, 621 N.W.2d at 251 (citing *Roby v. State*, 531 N.W.2d 482, 484 (Minn.1995)). With regard to the first exception, the claim of prosecutorial misconduct is not novel. Prosecutorial misconduct cases abound, and Severson has not cited any change in this area of law since his trial. Additionally, Severson has not stated any facts that could lead this court to conclude that he did not deliberately and inexcusably fail to raise the issue on direct appeal, and that fairness dictates the court's consideration of his claim on its merits. Accordingly, because Severson did not raise this claim on direct appeal, the postconviction court did not abuse its discretion in holding that he was barred from raising the issue in his petition for postconviction relief.

Severson also claims that he was entitled to an evidentiary hearing on his postconviction petition. While Minn.Stat. § 590.04, subd. 1 (2000), generally requires a prompt hearing, it allows the postconviction court to deny both a hearing and a petition if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." *Id.* Given that the claim of prosecutorial misconduct could not be considered under *Knaffla*, the postconviction court did not abuse its discretion in denying Severson a hearing.

The order of the postconviction court is affirmed.