Mwati P. MCKENZIE, Petitioner,
Appellant.

v.

STATE of Minnesota, Respondent.

No. C3–03–321.

Supreme Court of Minnesota.

Oct. 27, 2003.

Mwati Pepi Mckenzie, Stillwater, MN, for Appellant pro se.

Mike Hatch, Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## ORDER

A Hennepin County jury found Mwati P. Mckenzie guilty of first-degree murder in violation of Minn.Stat. § 609.185(4) (2002) in connection with the September 25, 1992, murder of Minneapolis police officer Jerry Haaf. The trial court sentenced Mckenzie to life in prison. The facts of the underlying case are set forth in this court's opinion affirming Mckenzie's conviction on direct appeal. *State v. McKenzie,* 532 N.W.2d 210, 213–17 (Minn.1995).[1]

On August 20, 2002, Mckenzie filed this, his third petition for postconviction relief. In the memorandum supporting the petition, Mckenzie alleges that the trial court denied him a fair trial by violating his right to be present at a stage of his trial

---

1. In our 1995 decision on direct appeal, we spelled Mckenzie's name "McKenzie." Based on Mckenzie's pro se submission to the court below and to this court in the instant matter, it appears that his last name was misspelled. According to those submissions, the correct spelling is "Mckenzie." The cap-

when the court either did not respond to two notes from the jury or responded to the notes without Mckenzie or his counsel being notified. Mckenzie also alleges that if the trial court responded to the notes the court did so without Mckenzie or his counsel being present and without making a contemporaneous record. Mckenzie now appeals from the postconviction court's summary denial of the petition without conducting an evidentiary hearing.

Underlying Mckenzie's claim are two notes sent by the jury foreman to the trial court judge during jury deliberations. The first note, which contains a handwritten notation indicating it was received at 2:25 p.m. on October 20, 1993, reads as follows: "Judge Lynn, we would like some clarifacation [sic] on some of the by laws if possible—pretaing [sic] to First Degree Murder Charge—Aiding & Abeting [sic] Forman [sic] Juror # 8." The second note, which contains a handwritten notation indicating it was received at 9:15 a.m. on October 21, 1993, reads: "Judge Lynn, Would it be possible to get the original police statements of Loverine Harris[,] Richard[,] and Olivia Gregory The Jury Forman [sic] # 8." The first note was date-stamped as having been filed at 3:34 p.m. on October 26, 1993. The second note was date-stamped as having been filed at 3:35 p.m. on October 26, 1993.[2] The record is silent as to whether Mckenzie and his counsel were made aware of either note or how, if at all, the trial court responded to either of these notes.

Generally, under Minnesota's rules of criminal procedure, when a deliberating jury makes a request to review testimony or other evidence or asks to be informed on any point of law, the jury must be brought into open court and the prosecutor and defense counsel must be notified. Minn. R.Crim. P. 26.03, subd. 19(2)-(3); see also State v. Sessions, 621 N.W.2d 751, 756 (Minn.2001). The Sixth Amendment to the United States Constitution gives a defendant the right to be present at all stages of trial. Sessions, 621 N.W.2d at 755. "Responding to a deliberating jury's question is a stage of trial." Id. Under Minn.Stat. § 590.04 (2002), the district court must grant a hearing on a postconviction petition unless the petition "conclusively show[s] that the petitioner is not entitled to relief." Ives v. State, 655 N.W.2d 633, 635 (Minn.2003). An "appellant must allege facts that would, if proven by a fair preponderance of the evidence, entitle him to relief." State v. Rhodes, 627 N.W.2d 74, 86 (Minn.2001). Any doubts as to whether to hold an evidentiary hearing should be resolved in favor of the party asking for the hearing. State ex rel. Roy v. Tahash, 277 Minn. 238, 244, 152 N.W.2d 301, 305 (1967).

On the record before us, we are unable to evaluate Mckenzie's claims with respect to the first and second notes. Therefore, we remand this matter to the postconviction court for the purpose of holding an evidentiary hearing on the issues raised by Mckenzie's claims with respect to those notes.

tion above has therefore been changed accordingly.

**2.** The record reflects a third note from the jury. That note reads: "In order to prove premeditation do we need to decide that they specifically went to the Pizza Shack to kill Officer Jerry Haaf. We are trying to determine premeditation. (RE: Premeditation Pg 19 3rd element). Thanks # 37 Forman [sic] # 8 P.S. *Jerome Haaf v. any police officer # 37.*"

This note bears a handwritten notation indicating that it had been received at 1:55 p.m. on October 21, 1993, and a date stamp indicating that it was filed on October 26, 1993, at 3:35 p.m. The record reflects that an on-the-record hearing was held with respect to this third note on October 21, 1993. The state, Mckenzie, and his counsel were present at that hearing. The petition did not challenge the handling of this note.

Based upon the files, records, and proceeding herein,

IT IS HEREBY ORDERED that we stay this appeal, retain jurisdiction over the case, and remand to the postconviction court for it to conduct an evidentiary hearing and issue findings and conclusions with respect to the trial court's handling of notes one and two as well as when Mckenzie and/or his counsel first knew or should have known about the issues raised by the handling of those two notes. Mckenzie shall, within 60 days of entry of the resulting order from the postconviction court, move this court to dismiss or vacate the stay of the appeal. If either party wishes to appeal the decision of the postconviction court, that party shall file and serve in this court a supplemental brief not to exceed seven pages within 60 days after the order dismissing or vacating the stay. The other party shall file and serve its brief, similarly limited in length, in this court 45 days thereafter.

BY THE COURT:

/s/Alan C. Page
Associate Justice