Justin Brooks STILES, petitioner
Appellant,

v.

STATE of Minnesota, Respondent.

No. A05–2081.

Supreme Court of Minnesota.

June 15, 2006.

Rehearing Denied July 10, 2006.

Leslie Joan Rosenberg, Assistant State Public Defender, Minneapolis, MN, for Petitioner.

Attorney General—Criminal, Saint Paul, MN, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

HANSON, Justice.

This is the second petition for postconviction relief filed by appellant Justin Stiles. Stiles was found guilty of two counts of first-degree felony murder under Minn.Stat. § 609.185(3) (1996), and one count of second-degree intentional murder under Minn.Stat. § 609.19, subd. 1(1) (2004), for the killing of Heinz Moorman. We previously affirmed the postconviction court's denial of Stiles' first petition for postconviction relief, rejecting Stiles' claims that the district court erred in failing to submit lesser-included offenses to the jury. *Stiles v. State*, 664 N.W.2d 315, 319–22 (Minn.2003). In this second postconviction petition, Stiles asks that we review the same claims in light of *State v. Dahlin*, 695 N.W.2d 588 (Minn.2005), our recent elucidation of lesser-included offense law. We affirm.

The facts of this case are set forth in detail in our previous *Stiles* opinion. The pertinent facts for the purposes of this postconviction petition are as follows: On January 8, 1998, Stiles and four friends decided to rob a marijuana dealer, Heinz Moorman. *Stiles*, 664 N.W.2d at 317. One of them, Brendan Connor, called Moorman to arrange a purchase, the actual purpose of which was to rob Moorman. *Id.* Two of the men brought guns to effectuate the robbery. *Id.* During the robbery, Moorman appeared to begin to reach for a gun in his waistband. *Id.* Stiles and Charlie Seepersaud, another of the five men, then shot Moorman several times, killing him. *Id.*

Toward the close of trial, Stiles requested that the district court include three lesser-included offenses in the instructions to the jury: second-degree unintentional felony murder, third-degree murder, and first-degree heat-of-passion manslaughter. *Id.* at 319. The district court "denied the requests because it found there was sufficient evidence of intent to convict of the charged offenses, noting that the testimony indicated Stiles 'intended to kill [Moorman] or to do an act that would have that result.'" *Id.* The court instructed the jury only on first-degree felony murder with aggravated robbery as the predicate offense, first-degree felony murder with controlled substance crime as the predicate offense, and second-degree intentional murder. The jury found Stiles guilty of all three charges. *Id.*

Stiles did not exercise his right to direct appeal. *Id.* at 319. He did, however, petition for postconviction relief nearly three years after his conviction. In that petition, one of the arguments Stiles raised was that his conviction should be overturned because the district court denied his request to instruct the jury on three lesser-included offenses. *Id.* The postconviction court denied relief, and we affirmed. *Id.* at 319, 323.

After ruling on Stiles' previous postconviction petition, we decided *Dahlin*. 695 N.W.2d 588. *Dahlin* clarified Minnesota law on lesser-included offenses. *Id* at 593. Stiles subsequently filed a second petition for postconviction relief, this one based on *Dahlin*. The postconviction court denied Stiles' second petition without an evidentiary hearing.

## I.

■ The postconviction court "may summarily deny a petition when the issues raised in it have previously been decided by [our court] in the same case." Minn. Stat. § 590.04, subd. 3 (2004). Additionally, in *State v. Knaffla* we said that "where direct appeal has once been taken, all mat-

ters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." 309 Minn. 246, 252, 243 N.W.2d 737, 741 (Minn.1976). A new rule of law, announced after a direct appeal has been completed, may present a claim that was unknown on direct appeal, and thus is not barred by *Knaffla*. But if a defendant's conviction was already final at the time the new rule of law was announced, the defendant ordinarily may not take advantage of the new rule because it will not be retroactive. *O'Meara v. State*, 679 N.W.2d 334, 339 (Minn.2004) (citing *Teague v. Lane*, 489 U.S. 288, 310–11, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)).

 Stiles argues that *Dahlin* did not articulate a new rule of law and therefore *Dahlin* applies retroactively to Stiles' case. But Stiles further claims that his lesser-included offense arguments are not *Knaffla*-barred because "the issue that, under *Dahlin* reversal is required, * * * was not raised in appellant's previous appeal and because this basis for relief was unavailable at the time of [Stiles'] appeal."

■ We conclude that Stiles cannot prevail either way. If *Dahlin* is a new rule of law, it does not apply retroactively to Stiles' case, which was not pending when *Dahlin* was decided.[1] If *Dahlin* is not a new rule of law, Stiles' lesser-included offense claims are barred by *Knaffla*, because they would have been known at the time of his appeal from the denial of his

first postconviction petition, and by Minn. Stat. § 590.04, subd. 3, because Stiles actually argued those claims in his first postconviction appeal. Accordingly, we decline to decide whether *Dahlin* announced a new rule of law because that decision is not necessary to the resolution of this appeal. We hold that the postconviction court did not err in denying Stiles' petition without an evidentiary hearing.

Affirmed.

---

1. "[A] case is pending until such time as the availability of appeal has been exhausted, the time for a petition for certiorari has elapsed or a petition for certiorari with the Supreme Court has been filed and finally denied;" after that, the case is considered final. *O'Meara*, 679 N.W.2d at 339. Under Minn. R.Crim. P. 29.03, subd. 3, "[a]n appeal by a defendant from a final judgment of conviction of murder in the first degree shall be taken within 90 days after the final judgment." A judgment is final "when there is a judgment of conviction upon the verdict of a jury or the finding of the court, and sentence is imposed." *Id.* We have held that, at least for an executed sentence, if a defendant fails to file a direct appeal, the case becomes final 90 days after the final judgment, even if the defendant subsequently files a postconviction petition. *See State v. Blanche*, 696 N.W.2d 351, 378 n. 11 (Minn. 2005).