Gary Lee COOPER, Appellant,

v.

STATE of Minnesota, Respondent.

No. A07–1038.

Supreme Court of Minnesota.

Feb. 28, 2008.

Gary Lee Cooper, Stillwater, appellant pro se.

Lori Swanson, Attorney General, St. Paul, Michael O. Freeman, Hennepin County Attorney, Michael K. Walz, Assistant County Attorney, Minneapolis, for respondent.

## OPINION

ANDERSON, PAUL H., Justice.

A Hennepin County jury found Gary Lee Cooper guilty of first-degree murder for the death of Gregory Peterson. Cooper was convicted and sentenced to life in prison. Cooper filed a direct appeal, which we affirmed, and two postconviction petitions in district court, which the district court denied. Cooper now appeals from a summary denial of his third post-

conviction petition, arguing that (1) the state engaged in prosecutorial misconduct in its opening statement; (2) the trial judge erred in communicating with the jury outside the presence of counsel and Cooper; and (3) both Cooper's trial and appellate counsel were ineffective. We affirm.

On March 1, 1995, appellant, Gary Lee Cooper, fatally shot Gregory Peterson outside a Minneapolis apartment. The specific facts underlying this case are detailed in our decision in Cooper's direct appeal, *State v. Cooper*, 561 N.W.2d 175 (Minn. 1997). At trial, Cooper did not dispute the fact that he shot Peterson but claimed that he acted in self-defense. On February 15, 1996, a Hennepin County jury found Cooper guilty of first-degree murder in violation of Minn.Stat. § 609.185(a)(1) (2006). The Hennepin County District Court convicted Cooper for this offense and sentenced him to life in prison.

Cooper appealed his conviction, alleging insufficiency of the evidence, and we affirmed. *Cooper*, 561 N.W.2d at 176. Cooper subsequently filed a pro se petition for postconviction relief alleging ineffective assistance of trial counsel. The postconviction court denied the petition without a hearing on the ground that Cooper failed to allege any facts to support his claim. Cooper did not appeal this decision.

Five years later Cooper filed a second petition for postconviction relief. This time he was represented by counsel. Cooper again alleged ineffective assistance of trial counsel based on his counsel's alleged failure to raise a mental deficiency defense at trial. Cooper also asserted that his appellate counsel was ineffective for not raising this claim on his direct appeal. This second petition was denied without a hearing. Although Cooper filed a notice of appeal with this court, no appeal was ever undertaken.

Proceeding pro se, Cooper filed a third petition for postconviction relief alleging prosecutorial misconduct, improper communication between the trial judge and the jury, and ineffective assistance of counsel. The postconviction court denied this third petition without a hearing, and this appeal followed. On appeal Cooper asks us to consider whether (1) the prosecutor engaged in misconduct in his opening statement; (2) the trial judge's communication with the jury in the absence of counsel and Cooper violated Cooper's Sixth Amendment right under the United States Constitution to be present at all stages of his trial; and (3) Cooper was prejudiced by ineffective assistance of trial or appellate counsel.

## I.

A person convicted of a crime may petition for postconviction relief to vacate and set aside the judgment, grant a new trial, or "make other disposition as may be appropriate." Minn.Stat. § 590.01, subd. 1 (2006). The petition must contain a "statement of the facts and grounds upon which the petition is based and the relief desired." Minn.Stat. § 590.02, subd. 1(1) (2006). The postconviction court must hold an evidentiary hearing only if the petitioner alleges facts that, "if proved, would entitle [the] petitioner to the requested relief." *Spann v. State*, 740 N.W.2d 570, 572 (Minn.2007) (internal quotations omitted). When reviewing a postconviction court's denial of relief, we review legal issues de novo and we review factual findings to determine if there is sufficient evidence in the record to sustain the findings. *Butala v. State*, 664 N.W.2d 333, 338 (Minn.2003).

Once a petitioner has taken a direct appeal, all claims raised in the direct appeal as well as "all claims known but not

raised" at the time of direct appeal are barred from consideration in any subsequent petitions for postconviction relief. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). This *Knaffla* bar extends to "all claims that the appellant should have known of at the time of [direct] appeal." *Mckenzie v. State,* 687 N.W.2d 902, 905 (Minn.2004). Such claims will be considered on postconviction review only if they are so novel that the legal basis was not reasonably available on direct appeal or if fairness requires that we review them and the petitioner did not deliberately and inexcusably fail to raise them on direct appeal. *Id.*

Cooper first claims that he should be granted a new trial because of the prosecutor's alleged misconduct during the opening statement. This claim was not raised on direct appeal or in either of Cooper's previous two postconviction petitions. We have consistently held that claims regarding the state's closing argument are known or should have been known at the time of a direct appeal. *E.g., Pippitt v. State,* 737 N.W.2d 221, 229 (Minn.2007); *Severson v. State,* 636 N.W.2d 808, 810 (Minn.2001). Similarly, because Cooper knew the content of the state's opening statement at the time he filed his direct appeal with this court, we conclude that the postconviction court did not abuse its discretion in finding that Cooper's prosecutorial misconduct claim was barred by *Knaffla.*

## II.

■ Cooper next argues that he should be granted a new trial because of improper communication between the trial judge and the jury during the jury's deliberations. During its deliberations, the jury sent a note to the trial judge requesting to review a state's witness' testimony.[1] The judge responded to the note in writing, stating that no transcript was available and that the jury members would have to rely on their own memories.[2] This note was sent to the jury in the absence of Cooper and his counsel. The note was placed in the district court file the next morning. Cooper asserts that because neither he nor his counsel was present when the communication between the judge and the jury occurred, his Sixth Amendment right under the U.S. Constitution to be present at all stages of his trial was violated.

■ When a deliberating jury requests to review evidence, the rules of criminal procedure mandate that the district court give notice to both the prosecutor and defense attorney, bring the jury into open court, and then determine whether to allow the jury to review the evidence as requested. Minn. R.Crim. P. 26.03, subd. 19(2)(1). A defendant has a Sixth Amendment right to be present at such a proceeding because "[r]esponding to a deliberating jury's question is a stage of trial." *State v. Sessions,* 621 N.W.2d 751, 755 (Minn.2001).

We first conclude that Cooper's claim regarding this communication is *Knaffla*-barred. Cooper did not raise this claim on his direct appeal, nor was it raised in either of his first two postconviction petitions. Unlike *Mckenzie v. State,* in which it was necessary for us to remand to the

---

1. The jury's handwritten note, signed by the foreperson, states in its entirety: "We would like to review the testimony of David Lindman." David Lindman, a forensic scientist for the Bureau of Criminal Apprehension, testified on behalf of the state.

2. Directly below the jury's request is the handwritten *response of the judge, which* states in its entirety: "There is no transcript available for David Lindman or any other witness. You will have to rely upon your own memory." The note is signed and dated by the judge.

postconviction court to determine *when* the defendant should have known about the communication between the judge and the jury, 670 N.W.2d 582, 583 (Minn.2003), here the record is clear—the judge's response to the deliberating jury's question is a part of the trial record. Therefore, we are able to conclude on this record that any claims stemming from the communication were known or should have been known at the time of Cooper's direct appeal.

■ Furthermore, we have reviewed the merits of Cooper's claim and conclude that the trial judge's error in communicating with the jury outside the presence of Cooper and his counsel was harmless error. *See, e.g., Mckenzie,* 687 N.W.2d at 906 (noting that "it is well settled that '[e]ven if a defendant is wrongfully denied the right to be present at every stage of trial, a new trial is warranted only if the error was not harmless'" (quoting *Sessions,* 621 N.W.2d at 756)). Here, the judge's response to the jury's question gave "no new information * * * [and] did not favor either the prosecution or the defense." *Id.* Even if the judge had brought the jury, Cooper, and counsel into open court to respond to the jury's question, the substance of the judge's answer would have been the same: no transcript would have been available to the jury. While the better practice is for the district court to follow the mandates of Minn. R.Crim. P. 26.03 to ensure that the criminal defendant's Sixth Amendment right to be present at all stages of the trial is protected, the judge's actions in this case were harmless error.[3]

---

3. We also note that the events underlying Cooper's claim of improper communication between judge and jury occurred in 1996 before several of our more recent decisions regarding the protocol district courts must fol-

low. *E.g., Mckenzie,* 687 N.W.2d at 904–06; *Brown v. State,* 682 N.W.2d 162, 166–68 (Minn.2004); *Mckenzie,* 670 N.W.2d at 583–84.

## III.

Finally, Cooper claims that he received ineffective assistance of counsel both at trial and on his direct appeal. When considering such claims, we apply the two-prong ineffective assistance of counsel test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Fields v. State,* 733 N.W.2d 465, 468 (Minn.2007). The test's first prong requires that the petitioner prove that "counsel's representation fell below an objective standard of reasonableness." *Id.* (quoting *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052). Objective reasonableness requires that an attorney exercise "the customary skills and diligence that a reasonably competent attorney would [exercise] under the circumstances." *Leake v. State,* 737 N.W.2d 531, 536 (Minn.2007) (quoting *State v. Doppler,* 590 N.W.2d 627, 633 (Minn.1999). "There is a strong presumption that a counsel's performance falls within the wide range of 'reasonable professional assistance.'" *Fields,* 733 N.W.2d at 468 (quoting *State v. Jones,* 392 N.W.2d 224, 236 (Minn.1986)). The second prong requires that the petitioner prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fields,* 733 N.W.2d at 468 quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). This second prong requires that the petitioner demonstrate actual prejudice. *State v. Blanche,* 696 N.W.2d 351, 376 (Minn.2005).

### Ineffective Assistance of Trial Counsel

■ This is the third time Cooper has raised a claim of ineffective assistance of trial counsel. In his first petition for post-

conviction relief, which he filed pro se, he claimed his trial counsel failed to prepare and present a defense. In his second petition, which he filed with the assistance of counsel, he based his claim on the failure of his trial counsel to raise a mental deficiency defense. Cooper now argues pro se that his trial counsel was ineffective because the self-defense claim raised at trial was not supported by any evidence and that his counsel should have instead presented the theory of "heat of passion" manslaughter. Although the grounds for the current ineffective assistance of trial counsel claim are slightly different from Cooper's earlier claims, we conclude that his current claim is barred by our rule in *Knaffla* because this claim was known or should have been known at the time of Cooper's earlier postconviction petition.

### Ineffective Assistance of Appellate Counsel

The two-prong *Strickland* test also applies to ineffective assistance of counsel claims for appellate counsel. *McDonough v. State*, 675 N.W.2d 53, 56 (Minn.2004). We have said that "[a]ppellate counsel need not raise all possible claims on direct appeal, and a claim need not be raised if 'appellate counsel could have legitimately concluded that [it] would not [prevail].'" *Leake*, 737 N.W.2d at 536 (Minn.2007) (quoting *Schneider v. State*, 725 N.W.2d 516, 523 (Minn.2007)).

■ Cooper argues that his appellate counsel was ineffective because his counsel failed to address the issues that Cooper thought should be raised on his direct appeal. In support of this claim, Cooper submitted a letter he wrote to the public defender's office before his direct appeal, in which he states that he would like to have two issues raised in that appeal: (1) an ineffective assistance of trial counsel claim and (2) a claim that his right to a fair

trial was violated because the district court failed to instruct the jury on the lesser-included offense of first-degree manslaughter. We conclude that both of Cooper's ineffective assistance of appellate counsel claims are barred by *Knaffla*. Although he knew of both grounds of this claim once his direct appeal was completed, Cooper did not raise them until the petition that is currently before us—his third petition for postconviction relief. *See, e.g., Townsend v. State*, 723 N.W.2d 14, 19 (Minn.2006) (holding that an ineffective assistance of appellate counsel claim is barred if not raised in the next postconviction petition); *Stiles v. State*, 716 N.W.2d 327, 329 (Minn.2006) (holding that a postconviction claim that a district court erred in failing to submit a lesser-included offense to the jury is barred by the rule of *Knaffla*).

Even though we conclude that Cooper's claim is barred by *Knaffla*, we discuss the merits of Cooper's second ineffective assistance of appellate counsel claim—that his appellate counsel was ineffective for failing to argue on appeal that his trial counsel should have argued that the jury should have been instructed on the lesser-included offense of first-degree manslaughter. We will do so because we have clarified our jurisprudence on this issue since the time Cooper was convicted of first-degree murder and brought his direct appeal.

■ In *State v. Dahlin*, we affirmed our "core principles" regarding lesser-included offense instructions and "provide[d] further clarification of our lesser-included jurisprudence to better guide trial courts." 695 N.W.2d 588, 593 (Minn. 2005). Lesser-included offense instructions are required "when a rational basis exists in the evidence to acquit on the greater charge and convict of the lesser." *Id.* at 596. In making this determination, we clarified that district courts may *not*

consider "either the strength of the evidence or the credibility of the witnesses" because these tasks are reserved for the jury. *Id.* Additionally, we held that district courts must "view the evidence in the light most favorable to the party requesting the instruction." *Id.* at 597. We then stated that if a district court errs by denying a requested lesser-included offense instruction, we will reverse unless the defendant was not prejudiced by the error. *Id.* at 598. When determining whether a defendant has been prejudiced by a district court's failure to give an instruction on a lesser-included offense, we "consider the instructions actually given [to the jury] and the verdict rendered by the jury." *Id.* at 599.

Here, we conclude that, if the district court erred by failing to instruct the jury on the lesser-included offense of first-degree heat-of-passion manslaughter, this error did not prejudice Cooper. As agreed upon by the state, defense counsel, and the district court, the jury was given instructions on first-degree murder, second-degree murder, and second-degree manslaughter. The jury was not instructed on first-degree manslaughter, which is a lesser-included offense of first-degree murder, and such an instruction was not proposed by either party or discussed on the record. Even when the evidence is viewed in the light most favorable to Cooper, the jury's verdict of guilty of first-degree murder "indicated that it not only believed the defendant acted with intent, but that he acted with premeditation as well." *Dahlin,* 695 N.W.2d at 599 (citing *State v. Merrill,* 274 N.W.2d 99, 105 (Minn. 1978)). Because the jury had the choice of finding Cooper guilty of intentional murder *without* premeditation (i.e., second-degree murder), but instead found Cooper guilty of intentional murder *with* premeditation, this verdict indicates that the jury

would not have found Cooper guilty of first-degree manslaughter, which requires an intent triggered by the heat of passion but no premeditation. Therefore, we conclude that Cooper was not prejudiced by the district court's failure to instruct on first-degree heat-of-passion manslaughter.

Because we conclude there was no error by the district court in not instructing the jury on first-degree heat-of-passion manslaughter, appellate counsel could have legitimately concluded that this claim would not prevail on appeal. Therefore, we conclude that appellate counsel did not act unreasonably by failing to raise this claim on appeal, and we conclude that Cooper's claim of ineffective assistance of appellate counsel on this ground lacks merit.

We hold that the postconviction court did not err when it denied Cooper's third postconviction petition without holding a hearing.

Affirmed.

DIETZEN, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.