*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2253**

Michael Frederick Schmidt, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 4, 2014
Affirmed
Reyes, Judge**

Dakota County District Court
File No. 19HACR101575

Daniel C. Guerrero, Meshbesher & Spence, Ltd., Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Nicole E. Nee, Assistant County Attorney, Hastings, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Kirk, Judge.

## U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

In this postconviction appeal, appellant challenges the postconviction court's denial of an evidentiary hearing, arguing that his trial counsel rendered incomplete,

incompetent, and ineffective assistance by failing to consult an expert to rebut respondent's experts. We affirm.

## FACTS

In May 2010, appellant Michael Frederick Schmidt was charged with criminal sexual conduct in the first degree under Minn. Stat. § 609.342, subd. 1(a) (2010), for allegedly sexually penetrating his nine-month-old niece. After a jury trial, he was found guilty and sentenced accordingly. This court affirmed Schmidt's conviction and sentence on direct appeal, *State v. Schmidt*, A11-0453 2012 WL 1149327 (Minn. App. Apr. 9, 2012), *review denied* (Minn. June 27, 2012). Schmidt filed a petition for postconviction relief, requesting an evidentiary hearing and arguing that he was denied effective assistance of counsel because his trial attorney failed to consult with an expert about the child's injuries. The postconviction court denied Schmidt's petition, and this appeal follows.

## D E C I S I O N

### I.    *Knaffla* **bar**

Schmidt challenges the district court's summary denial of his postconviction petition for relief based on ineffective assistance of trial counsel. But before reaching the merits of Schmidt's claim, we must determine whether it is properly raised in this petition for postconviction relief.

2

Respondent argues that Schmidt's ineffective-assistance-of-trial-counsel claim is barred by *State v. Knaffla*.[1] 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) (holding that when a direct appeal has been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief"); *see* Minn. Stat. § 590.01, subd. 1 (2012) ("A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence."). The state made this argument to the postconviction court. In response, Schmidt implicitly conceded that his ineffective-assistance-of-trial-counsel claim is barred by *Knaffla*, amending his petition for relief to include "a claim of ineffective assistance of *appellate* counsel" based on "appellate counsel's failure to challenge trial counsel's effectiveness" on Schmidt's direct appeal. (Emphasis added.) While the postconviction court received these arguments, it did not base its denial of Schmidt's petition on *Knaffla* or even acknowledge Schmidt's attempt to assert his claim as one of ineffective assistance of appellate counsel. Instead, the postconviction court denied Schmidt's ineffective-assistance-of-trial-counsel claim on the merits.

Despite conceding the potential *Knaffla* issue and accordingly rebranding his claim in the arguments below as a challenge of *appellate* counsel's assistance, Schmidt

---

[1] *Knaffla* bars a postconviction claim of ineffective assistance of trial counsel when the claim is based solely on the trial record, and the claim was known or should have been known at the time of the direct appeal. *Evans v. State*, 788 N.W.2d 38, 44 (Minn. 2010). *Knaffla* does not bar a claim of ineffective assistance of counsel when additional evidence outside of the existing record is required to determine the merits of the ineffectiveness claim. *Barnes v. State*, 768 N.W.2d 359, 364 (Minn. 2009).

based his appeal on ineffective assistance of trial counsel, not ineffective assistance of appellate counsel. Only after the state reasserted its *Knaffla* argument in its responsive brief did Schmidt, in his reply brief, then characterize his appeal as challenging the assistance of appellate counsel, stating that "[t]o determine whether Mr. Schmidt's appellate counsel could have legitimately concluded that Mr. Schmidt would not have prevailed on his ineffective assistance of trial counsel claim, this Court must 'turn to an examination of the merits of that claim.' *Arredondo v. State*, 754 N.W.2d 566, 571 (Minn. 2008)."

In short, Schmidt attempts to revive his ineffective-assistance-of-trial-counsel claim by posthumously characterizing it in his reply brief as one of ineffective assistance of appellate counsel for failure to raise the ineffective-assistance-of-trial-counsel claim on direct appeal. But issues not raised or argued in an appellant's principal brief cannot be revived in a reply brief. *McIntire v. State*, 458 N.W.2d 714, 717 n.2 (Minn. App. 1990), *review denied* (Minn. Sept. 28, 1990). By rebranding his claim in his reply brief as one of ineffective assistance of appellate counsel, Schmidt concedes, and we assume without deciding, that his claim for ineffective assistance of trial counsel is procedurally barred by *Knaffla*. Schmidt's attempt to shoehorn this stale claim into an ineffective-assistance-of-appellate-counsel claim fails. He had notice of the issue and amended his claim below but neglected to raise the issue in his principal brief. As a result, Schmidt's claim on appeal is waived.

But even if Schmidt's claim for ineffective assistance of trial counsel is not barred by *Knaffla* and his claim for ineffective assistance of appellate counsel is not waived on appeal, Schmidt's arguments fail on the merits.

## II. Ineffective assistance of appellate/trial counsel

Appellate courts review the denial of evidentiary hearings on postconviction-relief petitions for an abuse of discretion.[2] *Hooper v. State*, 838 N.W.2d 775, 786 (Minn. 2013). The threshold showing for a postconviction evidentiary hearing is lower than that required for a new trial, and any doubts about whether to conduct an evidentiary hearing should be resolved in favor of the petitioner. *State v. Nicks*, 831 N.W.2d 493, 504 (Minn. 2013). But a postconviction court need not hold an evidentiary hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). To receive an evidentiary hearing on a postconviction claim of ineffective assistance of counsel, a defendant is required to allege facts that, if proven by a fair preponderance of the evidence, would satisfy the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). *Nicks*, 831 N.W.2d at 504.

To prevail under *Strickland*, "an appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that the outcome would have been different but for counsel's errors."

---

[2] When the district court *grants* an evidentiary hearing, "[w]e review the denial of postconviction relief based on a claim of ineffective assistance of counsel de novo because such a claim involves a mixed question of law and fact." *Hawes v. State*, 826 N.W.2d 775, 782 (Minn. 2013). But here, the district court did not grant an evidentiary hearing.

*Dereje v. State*, 837 N.W.2d 714, 721 (Minn. 2013) (quotation omitted). "The two-prong *Strickland* test also applies to ineffective assistance of counsel claims for appellate counsel." *Cooper v. State*, 745 N.W.2d 188, 193 (Minn. 2008). Appellate counsel is not required to raise all possible claims on direct appeal, and counsel need not raise a claim if she "could have legitimately concluded that it would not prevail." *Id.* (quotation omitted). Therefore, representation by Schmidt's appellate counsel did not fall below an objective standard of reasonableness if counsel could have legitimately concluded that Schmidt would not have prevailed on the ineffective-assistance-of-trial-counsel claim. To determine whether Schmidt's appellate counsel could have legitimately concluded that Schmidt would not prevail on the ineffective-assistance-of-trial-counsel claim, we examine the merits of that claim, as Schmidt implores. *Arredondo*, 754 N.W.2d at 571.

"The objective standard of reasonableness is defined as representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *State v. Hokanson*, 821 N.W.2d 340, 358 (Minn. 2012) (quotation omitted), *cert. denied*, 133 S. Ct. 1741 (2013). Appellate courts "review the reasonableness of counsel's performance based on the totality of the facts that existed at the time of counsel's conduct." *Staunton v. State*, 784 N.W.2d 289, 300 (Minn. 2010). "Because of the difficulties inherent in making [that] evaluation, a court must indulge a *strong* presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065

(emphasis added) (quotation omitted). Appellate courts "will generally not review an ineffective-assistance-of-counsel claim that is based on trial strategy." *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013).

Schmidt argues that an evidentiary hearing is warranted to resolve whether he was denied effective assistance of trial counsel. He claims that his trial attorney failed to consult with an expert regarding the possible causes of the child's injuries and that he was prejudiced as a result. In support of his argument, Schmidt relies on *State v. Beecroft* for the proposition that effective representation, where scientific testimony is key, requires that defense counsel consult with an expert. 813 N.W.2d 814, 842 (Minn. 2012) ("[W]hen scientific evidence is a significant factor at trial, one basic tool that must be available to indigent defendants is access to the assistance of an expert for conducting professional examinations, consulting on possible affirmative defenses or trial strategies, and preparing to cross-examine the government's expert witnesses." (Quotations omitted)).

Schmidt's reliance on *Beecroft* is misplaced. *Beecroft* does not establish that counsel's decision to forgo consulting with an expert amounts to ineffective assistance of counsel. Unlike Beecroft, Schmidt does not contend that the he was deprived of access to consult with an expert by a state actor. *See id.* at 843 (recognizing that a defendant's right to present a complete defense may be diminished when the state restricts access to the defendant's own experts). Rather, Schmidt asserts that his trial attorney advised him that an expert witness was available to testify on his behalf, but the cost of retaining the expert would be prohibitive. "What evidence to present to the jury, including which

7

defenses to raise at trial and what witnesses to call, represent an attorney's decision regarding trial tactics which lie within the proper discretion of trial counsel and will not be reviewed later for competence." *State v. Voorhees*, 596 N.W.2d 241, 255 (Minn. 1999) (holding that appellant's argument "that his counsel failed to call certain witnesses in [appellant's] defense and cross-examine the state's witnesses [ ] represent matters of trial strategy that we will not review for competence."); *see Leake v. State*, 737 N.W.2d 531, 539 (Minn. 2007) ("Decisions about which witnesses to call at trial and what information to present to the jury are questions of trial strategy that lie within the discretion of trial counsel."); *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) ("The extent of counsel's investigation is considered a part of trial strategy.").

Schmidt argues that characterizing trial counsel's decision not to consult or call an expert as one of trial strategy "borders on the incredulous" and that "[i]n this case, there was no rational thought process, no plan, not a strategy at all." But by Schmidt's admission, "[counsel] informed him that an expert [was] available, but that the cost would be prohibitive" and that "[counsel] discouraged him from even attempting to secure funds from the court to help defray some of the costs of an expert." These alleged statements by Schmidt's trial counsel do not "concern errors in professional performance but instead relate to trial strategy." *State v. Jones*, 392 N.W.2d 224, 236 (Minn. 1986). Therefore, Schmidt's appellate counsel could have legitimately concluded that trial counsel's decision not to consult with an expert was a matter of trial strategy and that Schmidt's ineffective-assistance-of-trial-counsel claim would not prevail on appeal. As a

8

result, Schmidt's appellate counsel did not act unreasonably by failing to raise this claim on Schmidt's direct appeal.

Even if Schmidt could establish that trial counsel's failure to consult or call an expert to testify fell below an objective standard of reasonableness, Schmidt fails to demonstrate a reasonable probability that the outcome of trial would have been different if his attorney had consulted with an expert. In his postconviction motion, Schmidt submits the report of his proposed expert, who concluded that "[t]he findings in this case are consistent with a penetrating injury that resulted in tissue tears that could have been the result of sexual abuse. What also must be said is the injuries in this case could also have been the result of an accident . . . ." To support the contention that the child's injuries may have resulted from an accident, Schmidt's proposed expert explained that an infant's vaginal tissues "are very thin, delicate and relatively inelastic."

But at trial, Schmidt's counsel cross-examined the child's surgeon on this very point, and the witness acknowledged that the vaginal wall of a nine-month-old is "less stretchable" and that the tissue was "very delicate." The purpose of this line of questioning was to buttress Schmidt's defense that the injury was caused by an accident and that the victim would be susceptible to significant injury if an adult thumb inadvertently penetrated the vagina. Schmidt's counsel was aware of the physiological argument, and she addressed it at trial.

Because Schmidt failed to allege facts that, if proven by a preponderance of the evidence, would show that the performance of his trial attorney fell below an objective standard of reasonableness and that the outcome would have been different if his attorney

9

had consulted with the expert, his ineffective-assistance-of-trial-counsel claim fails as a matter of law. Accordingly, his claim of ineffective assistance of appellate counsel also fails. The postconviction court did not abuse its discretion by summarily denying Schmidt's postconviction petition because it is clear he was not entitled to any relief.

**Affirmed.**