STATE OF MINNESOTA

IN SUPREME COURT

A16-0117

Ramsey County

Stras, J.
Took no part, McKeig, J.

Aaron Joseph Morrow,

Appellant,

vs.

Filed: September 21, 2016
Office of Appellate Courts

State of Minnesota,

Respondent.

_____

Aaron Joseph Morrow, Bayport, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

John Choi, Ramsey County Attorney, Peter Marker, Assistant Ramsey County Attorney, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

The postconviction court did not abuse its discretion when it denied the appellant's

ineffective-assistance-of-appellate-counsel claims without holding an evidentiary hearing.

Affirmed.

Considered and decided by the court without oral argument.

1

O P I N I O N

STRAS, Justice.

Appellant Aaron Joseph Morrow appeals the postconviction court's summary denial of his ineffective-assistance-of-appellate-counsel claims. Because we conclude that the petition, files, and records of the proceeding conclusively show that Morrow is not entitled to relief, we affirm.

I.

On September 26, 2010, Morrow fired his AK-47 at three people, killing one and injuring another.[1] A Ramsey County grand jury indicted Morrow on nine separate counts, including one count of first-degree premeditated murder, Minn. Stat. § 609.185(a)(1) (2014); one count of first-degree murder while committing a drive-by shooting, Minn. Stat. §§ 609.185(a)(3) (2014), 609.66, subd. 1e (2014); one count of second-degree intentional murder, Minn. Stat. § 609.19, subd. 1(1) (2014); two counts of attempted first-degree premeditated murder, Minn. Stat. §§ 609.17 (2014), 609.185(a)(1); and two counts of attempted first-degree murder while committing a drive-by shooting, Minn. Stat. §§ 609.17, 609.185(a)(3), 609.66, subd. 1e.

A jury found Morrow guilty of all nine counts, although the district court convicted him of only three of the nine charged offenses: the lone count of first-degree premeditated murder and the two counts of attempted first-degree premeditated murder. The court did not convict him of the second-degree-murder and drive-by-shooting offenses.

---

[1]     The facts underlying Morrow's crimes are set forth in detail in *State v. Morrow*, 834 N.W.2d 715 (Minn. 2013).

On direct appeal, Morrow's principal brief challenged various aspects of the grand-jury proceedings, the district court's evidentiary rulings, and the denial of surrebuttal closing argument. *State v. Morrow*, 834 N.W.2d 715, 721-29 (Minn. 2013). In a supplemental pro se brief, Morrow raised additional claims, including one that questioned whether the State had presented sufficient evidence of premeditation. *Id.* at 730. We affirmed Morrow's convictions and specifically held that "the State [had] presented ample evidence to establish that Morrow acted with premeditation and did not act in self-defense." *Id.*

Less than 2 years later, on May 6, 2015, Morrow filed a petition for postconviction relief. In it, he argued that appellate counsel was ineffective by failing to raise the following five issues on appeal: (1) the sufficiency of the evidence; (2) prosecutorial misconduct; (3) ineffective assistance of trial counsel; (4) instructional error on the drive-by-shooting counts; and (5) the possible violation of a statute prohibiting multiple overlapping convictions, Minn. Stat. § 609.04 (2014). The postconviction court denied Morrow's petition, concluding that none of his theories had merit and that no evidentiary hearing was required. Morrow appeals the decision denying postconviction relief.[2]

II.

The question presented in this case is whether the postconviction court abused its discretion when it denied Morrow's petition for postconviction relief without holding an

---

[2]     After we granted the State's motion for additional time to file and serve its brief, Morrow filed a petition for rehearing, *see* Minn. R. Civ. App. P. 140.01, asserting, among other things, that he was denied due process because we did not consider his response before granting the State's motion. We deny Morrow's petition for rehearing.

evidentiary hearing.  We review the "denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion."  *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).  In doing so, we review the postconviction court's underlying factual findings for clear error and its legal conclusions de novo.  *Williams v. State*, 869 N.W.2d 316, 318 (Minn. 2015).  A postconviction court may deny a petition for postconviction relief without holding an evidentiary hearing if the petition, files, and records in the proceeding conclusively establish that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014).

To be entitled to an evidentiary hearing on an ineffective-assistance-of-appellate-counsel claim, a defendant must allege facts that, if proven by a fair preponderance of the evidence, would satisfy the two requirements from *Strickland v. Washington*, 466 U.S. 668 (1984).  *Carridine v. State*, 867 N.W.2d 488, 493-94 (Minn. 2015).  The first *Strickland* requirement is that, to prevail on an ineffective-assistance-of-counsel claim, a defendant must show that "counsel's performance fell below an objective standard of reasonableness."  *Id.* at 494 (citation omitted).  Appellate counsel does not have a duty to raise all possible issues, and may choose to present only the most meritorious claims on appeal.  *Zornes v. State*, 880 N.W.2d 363, 371 (Minn. 2016); *Arredondo v. State*, 754 N.W.2d 566, 571 (Minn. 2008) (explaining that "[a]ppellate counsel is not required to raise all possible claims on direct appeal").  A defendant alleging ineffective assistance of appellate counsel must overcome the strong presumption that appellate counsel has exercised reasonable professional judgment in selecting the issues to raise on appeal. *Zornes,* 880 N.W.2d at 371.

4

The second *Strickland* requirement is that a defendant must establish "a reasonable probability that absent his appellate counsel's error, the outcome of his direct appeal would have been different." *Ives v. State*, 655 N.W.2d 633, 637 (Minn. 2003) (quoting *Sanders v. State*, 628 N.W.2d 597, 603 (Minn. 2001)). A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. *Patterson v. State*, 670 N.W.2d 439, 442 (Minn. 2003). If a defendant raises an issue in a pro se supplemental brief, then counsel's failure to raise the same issue in the principal brief or at oral argument is not prejudicial. *Sessions v. State*, 666 N.W.2d 718, 723 (Minn. 2003) ("[Sessions] was not prejudiced by . . . his appellate counsel's failure to raise his pro se issues at oral argument, since they were addressed in his supplemental brief . . . .").

Having carefully reviewed the petition, files, and records in the proceeding, we conclude that Morrow cannot show prejudice from his appellate counsel's alleged errors. The facts alleged by Morrow do not create a reasonable probability that the outcome of his direct appeal would have been different had appellate counsel raised the issues he discusses in his postconviction petition. Appellate counsel's failure to raise the alleged insufficiency of the evidence and prosecutorial misconduct did not affect the outcome of Morrow's direct appeal because these claims were raised in Morrow's pro se supplemental brief and, after careful review, we concluded that each lacked merit. *Morrow*, 834 N.W.2d at 730.

There is also no reasonable probability that the outcome of Morrow's direct appeal would have been different had appellate counsel challenged trial counsel's failure to request a manslaughter instruction. We have said that the failure to instruct on heat-of-passion manslaughter, even if erroneous, cannot be prejudicial when a jury is presented

with charges of both first-degree premeditated murder and second-degree intentional murder and the jury finds the defendant guilty of first-degree murder. *State v. Chavez-Nelson*, 882 N.W.2d 579, 591-92 (Minn. 2016). Under such circumstances, the "verdict indicates that the jury would not have found [the defendant] guilty of first-degree manslaughter, which requires an intent triggered by the heat of passion but no premeditation." *Cooper v. State*, 745 N.W.2d 188, 194 (Minn. 2008). Therefore, even if appellate counsel had raised the alleged instructional error on direct appeal, Morrow would not have received relief on the claim.

Similarly, even if appellate counsel had challenged the district court's instructions on the drive-by-shooting offenses, there is no reasonable probability that the outcome of Morrow's direct appeal would have been different. On direct appeal, there would have been no need for us to address the murder counts with a drive-by-shooting element because the district court did not convict Morrow of, nor sentence him for, any of those offenses. *See State v. Jackson*, 773 N.W.2d 111, 125-26 (Minn. 2009) (explaining that it was unnecessary to address the defendant's claim that he was entitled to a new trial on alternative felonies because he was not convicted of any of those crimes).

Finally, there is no reasonable probability that the outcome of Morrow's direct appeal was affected by appellate counsel's failure to argue that Morrow's conviction of first-degree premeditated murder violated Minn. Stat. § 609.04, subd. 1. Section 609.04 provides that, "[u]pon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both." According to Morrow, the district court was required to convict him of "the lowest degree" of the offenses charged, which in

6

his case was second-degree murder. However, nothing in the plain language of section 609.04, or in our case law, supports Morrow's argument.[3] Instead, the statute simply says that the district court could not have convicted Morrow of *both* the first- and second-degree murder of the same victim. The district court did not violate the statute because the court convicted Morrow of only first-degree premeditated murder, the greater of the two offenses. Because Morrow's section 609.04 argument lacks merit, there is no reasonable probability that appellate counsel's failure to raise it affected the outcome of Morrow's direct appeal.

## III.

For the foregoing reasons, we conclude that the postconviction court did not abuse its discretion when it denied Morrow's postconviction petition without holding an evidentiary hearing.

Affirmed.

MCKEIG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

---

[3] Morrow filed a motion to amend his petition for postconviction relief. The motion cited additional legal authority for his argument under section 609.04, including Minn. Stat. § 611.02 (2014) (providing that "when an offense has been proved against the defendant, and there exists a reasonable doubt as to which of two or more degrees the defendant is guilty, the defendant shall be convicted only of the lowest"). Like the postconviction court, we conclude that the additional legal authorities do not change the legal analysis or entitle Morrow to relief. In fact, Morrow's reliance on section 611.02 is misplaced because the jury verdicts demonstrate beyond a reasonable doubt that Morrow was guilty of both charges.